This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                     **NO. 31,447**

**JUAN MURILLO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**J. Richard Brown, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

Defendant appeals from the district court's order denying his motion to dismiss multiple counts of fraud by worthless check. On appeal, Defendant contends that the State was collaterally estopped from prosecuting some of the charges contained in his

2009 information, because he had been required to pay restitution on some of those charges as part of a plea agreement he entered in 2007. The district court concluded that the checks charged in the 2009 information were not the same as the checks referred to in Defendant's 2007 judgment and sentence. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

In this Court's calendar notice, we noted that we generally apply a de novo standard of review to the constitutional question of whether there has been a double jeopardy violation. [CN 3 (citing *State v. Andazola*, 2003-NMCA-146, ¶ 14, 134 N.M. 710, 82 P.3d 77)] We noted, however, that where factual issues are intertwined with the double jeopardy analysis, the trial court's fact determinations are subject to a deferential substantial evidence standard of review. [Id. (citing *State v. Rodriguez*, 2006-NMSC-018, ¶ 3, 139 N.M. 450, 134 P.3d 737)] We went on to suggest that the pivotal issue on appeal was whether the district court was correct in concluding that the conduct charged in the 2009 criminal information was separate from the conduct previously addressed in Defendant's 2007 judgment and sentence. [Id.] We noted that the State had produced twenty-one checks written to Allsup's in response to Defendant's motion to dismiss. The State asserted that these twenty-one checks accounted for the twelve counts Defendant pleaded guilty to in 2007, in addition to

the nine additional counts for which Defendant was required to pay restitution. The information provided by the State indicates different check numbers, dates, and amounts from the check numbers, dates, and amounts identified in the twenty-eight counts charged in the 2009 information. We conclude that this is sufficient information to support the district court's factual determination. *See State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (providing that substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion").

Defendant contends that there is a discrepancy between the total restitution amount he was ordered to pay Allsup's of $1,064.41 and the checks submitted by the State as proof of the charges disposed of in the 2007 judgment and sentence. Defendant asserts a difference of $193.17. [MIO 4] The State's response indicates that part of the restitution amount included $25.00 in bank fees paid by Allsup's on the twelve counts that were charged. [RP 72] Based on the twelve checks submitted by the State and the inclusion of bank fees paid by Allsup's, we calculate the total amount accounted for by the State as $995.44. [RP 72, 78-84] We recognize that, based on the information currently before this Court, there appears to be a discrepancy of $68.97. However, we note that to the extent Defendant is raising this discrepancy in the amount in an attempt to establish that the district court's factual determination

that the two prosecutions involved different checks was erroneous, contrary evidence does not require reversal where we are reviewing for substantial evidence and there is other evidence to support the district court's factual determination. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829). Moreover, Defendant points out that restitution may include "all damages which a victim could recover against the defendant in a civil action arising out of the same facts." [MIO 4 (citing NMSA 1978, § 31-17-1 (2005)] The fact that the amount of restitution Defendant was ordered to pay Allsup's is not fully accounted for by the checks and fees identified by the State, does not establish that Defendant's 2007 judgment and sentence overlaps with the charges contained in the 2009 information.

Accordingly, for the reasons stated above and in this Court's notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

4

_____

**J. MILES HANISEE, Judge**